IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANY FRANCISCO RAMOS AGUILAR                    :

                                            :

    v.                                             :   Civil Action No. DKC 11-2416

                                            :

CITY LIGHTS OF CHINA
RESTAURANT, INC.                               :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is a motion to strike affirmative defenses filed by Plaintiff Dany Francisco Ramos Aguilar.  (ECF No. 4).  The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Plaintiff's motion will be granted.

## I.   Background

The following facts are alleged in Plaintiff's complaint. Plaintiff, a Maryland resident, began working full-time at Defendant City Lights of China Restaurant, Inc. ("the restaurant") as a food preparer on April 8, 2010.  (ECF No. 1 ¶¶ 7-9).[1]   The restaurant is a Maryland corporation and has its

---

[1] The complaint initially states that Plaintiff began working at the restaurant on April 8, 2010, but later cites a period from March 8, 2010 until October 31, 2010, when referring

principal place of business in Maryland.  (*Id.* ¶ 2).  Plaintiff

generally worked approximately seventy hours per week and was

paid twice per month.  (*Id.* ¶¶ 10-11).  From April 8, 2010 until

October 31, 2010, each paycheck that Plaintiff received from the

restaurant totaled $700.  (*Id.* ¶ 12).  From November 1, 2010

until April 14, 2011, when Plaintiff's employment at the

restaurant ended, each paycheck he received totaled $800.  (*Id.*

¶ 13).  Thus, his hourly rate of pay was less than the federal

minimum wage of $7.25 per hour.  (*Id.* ¶ 16).  Plaintiff did not

receive any overtime pay for the approximately thirty excess

hours that he worked each week.  (*Id.* ¶ 15).

On August 29, 2011, Plaintiff filed a complaint against the

restaurant, alleging violations of the FLSA's overtime and

minimum wage provisions.  The restaurant answered Plaintiff's

complaint on September 22, 2011.  In its answer, the restaurant

asserted five affirmative defenses: (1) accord and satisfaction,

(2) estoppel, (3) laches, (4) payment/offset, and (5) fraud.

(ECF No. 3 ¶ 14).  Plaintiff subsequently moved to strike these

defenses (ECF No. 4), and the restaurant opposed this motion

(ECF No. 8).

---

to periods for which Plaintiff received a fixed paycheck.  This
opinion will adopt April 8, 2010, as the date on which Plaintiff
began his employment at the restaurant because Plaintiff
explicitly cites this date as such in the complaint.

## II.  Standard of Review

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which gives the court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  While it is generally accepted that a motion to strike "is neither an authorized nor proper way to procure the dismissal of all or part of" a pleading, 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 391 (3$^d$ ed. 2004), some courts have found that an untimely answer may be stricken in its entirety under certain circumstances, *see Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 8 (D.D.C. 2004).  In any context, however, Rule 12(f) motions seek "a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W.Va. 1993); *see also Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

## III. Analysis

Plaintiff has moved to strike the five affirmative defenses asserted by the restaurant, contending that they fail to satisfy the pleading requirements set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  The restaurant

3

argues, in response, that *Twombly* and *Iqbal* do not apply to affirmative defenses because they merely interpreted Rule 8(a)(2), which addresses the requirements for pleading a claim for relief.

Before addressing the merits of these arguments, a brief review of *Twombly* and *Iqbal* is warranted.  In *Twombly*, the Supreme Court considered whether a complaint asserting violations of ¶ 1 of the Sherman Act could survive a motion to dismiss when it alleged "parallel conduct" and contained only a conclusory assertion that the defendants had entered into a "contract, combination, or conspiracy."   550 U.S. at 550. Reasoning that a complaint must set forth facts demonstrating that the claim "is plausible on its face," the Court concluded that the Twombly plaintiffs had failed to "nudge[] their claims across the line from conceivable to plausible" because their parallel conduct allegation more likely suggested the defendants' "natural, unilateral" engagement in free-market behavior.  *Id.* at 565-66.  The Court also rejected legal labels and conclusions that were devoid of supporting facts, thereby refusing to credit the plaintiffs' mere assertion that a "contract, combination, or conspiracy" existed.  *Id.* at 555-57, 564.

The Court clarified *Twombly* in the *Iqbal* opinion, setting forth a two-pronged analytical approach for evaluating the sufficiency of a complaint under Rule 8.   129 S.Ct. at 1950. First, bare legal conclusions that do nothing more than recite the elements of a cause of action need not be credited, and the courts may exclude them from the Rule 8 analysis entirely.  *Id.* Second, in order to state a claim, the complaint must "plausibly give rise to an entitlement to relief," a showing that requires more than the "mere possibility of misconduct."  *Id.*

Neither *Twombly* nor *Iqbal* expressly addressed the pleading requirements applicable to affirmative defenses, and district courts throughout the country have since debated the issue. The majority of district courts, including those within this circuit, have concluded that the *Twombly-Iqbal* approach does apply to affirmative defenses.  *See, e.g., Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 536 (D.Md. 2010); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233 (E.D.N.C. 2010). These opinions have principally relied on two justifications to reach this conclusion.  First, they reason that "'it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for [a] claim under one pleading standard and then permit a defendant under another pleading standard simply to

5

suggest that some defense may possibly apply in the case.'"
*Racick*, 270 F.R.D. at 233 (quoting *Palmer v. Oakland Farms,
Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *4 (W.D.Va. June 24,
2010). Second, they cite the importance of litigation
efficiency, explaining that boilerplate defenses serve only to
"clutter the docket and . . . create unnecessary work" by
requiring opposing counsel to conduct unnecessary discovery.
*Bradshaw*, 725 F.Supp.2d at 536 (internal quotation marks and
citations omitted).

In response, the small minority of courts within this
circuit rejecting the application of the *Twombly-Iqbal* pleading
standard to affirmative defenses have relied on either the
absence of an appellate court opinion on the issue or have
concluded that *Twombly* and *Iqbal* confined themselves to the
sufficiency of claims for relief under Rule 8(a). *See Amason v.
PK Mgmt.*, No. 3:10-1752-MJP-JRM, 2011 WL 1100211, at *8 (D.S.C.
Mar. 1, 2011); *Lopez v. Asmar's Mediterranean Food, Inc.*, No.
1:10cv1218, 2011 WL 98573, at *2 (E.D.Va. Jan. 10, 2011). For
instance, in *Lopez*, the court focused on the wording differences
between Rule 8(a), which requires the pleader to show
entitlement to relief, and Rule 8(b), which requires only a
statement of the defense in "short and plain terms." The *Lopez*
court then stated that both *Twombly* and *Iqbal* focused on Rule

8(a)'s "entitlement to relief" language to justify the conclusion that these opinions "begin and end with interpretations of Rule 8(a)(2)'s required showing that the pleader is entitled to relief." *Id.*

The majority's resolution of this issue presents the more reasoned view, and the text of the Federal Rules supports this conclusion. While the language of Rules 8(a) and 8(b) is certainly not identical, those sections contain important textual overlap, with both subsections requiring a "short and plain" statement of the claim or defense. Additionally, Form 30, appended to the Federal Rules pursuant to Rule 84, strongly suggests that bare-bones assertions of at least some affirmative defenses will not suffice, as the Form's illustration of a statute of limitations' defense sets forth not only the name of the affirmative defense, but also facts in support of it. Given Rule 84's focus on illustrating "the simplicity and brevity that these rules contemplate," the additional factual detail contained in Form 30 is hardly superfluous. In prohibiting conclusory, implausible allegations, *Twombly* and *Iqbal* thus merely made explicit principles long implicit in the general pleading requirements of the Federal Rules.

Additionally, *Twombly* and *Iqbal* recognize the fairness and efficiency concerns highlighted by district courts that have

7

subsequently applied those standards to affirmative defenses. All pleading requirements exist to ensure that the opposing party receives fair notice of the nature of a claim or defense. *Bradshaw*, 725 F.Supp.2d at 536.  The Supreme Court has long recognized this concern, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated on other grounds by *Twombly*, 550 U.S. 544, and it did not go unnoticed in *Twombly*, thus supporting the application of that approach to affirmative defenses. *See Twombly*, 550 U.S. at 561 (acknowledging the "need for fair notice" within a plaintiff's complaint).  Litigation efficiency is also an important rationale underlying the *Twombly* and *Iqbal* opinions.  *See Twombly*, 550 U.S. at 558-59 (discussing the need for "some specificity in pleading before allowing a potentially massive factual controversy to proceed" (internal quotation marks and citations omitted)); *Iqbal*, 129 S.Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Cases refusing to apply the *Twombly-Iqbal* approach to affirmative defenses attempt to downplay these efficiency concerns by noting that the opposing party can simply obtain additional facts through limited discovery forms such as contention interrogatories. *Lopez*, 2011 WL 98573, at *2.  This response, however, ignores precisely the type of unnecessary

8

discovery that troubled the Supreme Court in *Twombly* and *Iqbal*
and that has since troubled courts applying their approach to
affirmative defenses.   *See, e.g., Twombly*, 550 U.S. at 572
(Stevens, J., dissenting) (explaining that the majority's
holding did not even permit "limited discovery" to determine
whether a conspiracy existed among the defendants).   Therefore,
although *Twombly* and *Iqbal* specifically addressed the
sufficiency of a complaint under Rule 8(a), the Court likely did
not intend to confine its holdings to complaints alone.

Plaintiff here seeks to strike five affirmative defenses
set forth by the restaurant:   (1) accord and satisfaction, (2)
estoppel, (3) laches, (4) payment/offset, and (5) fraud.   As to
the first four defenses, each sets forth conclusory legal
statements wholly devoid of any supporting factual content.   As
a result, these defenses fail to set forth in "short and plain"
terms the nature of the asserted defense and violate Rule 8's
general pleading requirements, as illustrated and interpreted
through Form 30, *Twombly*, and *Iqbal*, and they are therefore
stricken.   *See, e.g.*, *Gordon v. Ameriquest Mortg. Corp.* (In re
*Fischer*), No. 08-74070-MHM at *2 (Bankr.N.D.Ga. Apr. 12, 2011)
(striking a defense of accord and satisfaction that set forth
only the name of the defense because the defendant had failed
"to provide notice of the factual basis of the defense");

*Racick*, 270 F.R.D. at 237 (striking defenses of "estoppel" and "laches" as "bare legal conclusion[s]").

Although the restaurant has phrased its fifth affirmative defense of fraud in a similarly conclusory manner, it fails apart from the application of the *Twombly-Iqbal* standard to affirmative defenses.  It is well-established that a party alleging fraud must do so with particularity, regardless of whether the allegation is made by way of a claim or an affirmative defense.  *See* Fed.R.Civ.P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp.2d 893, 901 (E.D.Pa. 2011) ("[T]he only exceptions to the general pleading rule for affirmative defenses 'are the defenses that fall within the special pleading provisions in Rule 9, especially Rule 9(b).'" (quoting 5 Charles Alan Wright *et al.*, *Federal Practice & Procedure*, § 1274 (3$^d$ ed. 2010))).  Specifically, a party alleging fraud must "plead with particularity the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Wiggins v. Janus Capital Grp., Inc.* (In re *Mutual Funds Investment Litig.*), 566 F.3d 111, 120 (4th Cir. 2009) (quotation marks and ellipses omitted), *rev'd on other*

10

*grounds by* 131 S.Ct. 2296 (2011).   The restaurant alleges no facts to support its conclusory statement of "fraud" as an affirmative defense.   As such, this defense wholly fails to satisfy the heightened pleading standard set forth by Rule 9(b), and it will be stricken accordingly. *See United Fixtures Co. v. Base Mfg.*, No. 6:08-cv-506-Orl-28GJK, 2008 WL 4550212, at *5 (M.D. Fla. Oct. 8, 2008) (striking an affirmative defense of fraud where the defendant's answer stated only the "conclusory allegation[]" of "fraud/inequitable conduct" when setting forth that defense).

The current deadline for amendment of pleadings in the scheduling order is December 5, 2011.   (ECF No. 9).   Should Defendant wish to reassert these or any other defenses, it may file a timely motion for leave to amend its answer.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion to strike affirmative defenses will be granted.   A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
